1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5

6    ANDREW ASUIT II,                      Case No. 3:25-cv-00282-ART-CLB

                    Plaintiff,                            ORDER
7              v.

8    POLICE DEPARTMENT CITY OF
     RENO, et al.,
9
                    Defendants.
10

11

12         Plaintiff Andrew Asuit II brings this action under 42 U.S.C. § 1983 against

13   Defendants City of Reno, Reno Police Department ("RPD"), and John/Jane Does

14   (collectively, "Defendants") for excessive force during a vehicular encounter that

15   he says was not an arrest. (ECF No. 1-1.)

16         Before the Court is Mr. Asuit's application to proceed *in forma pauperis*

17   ("IFP") (ECF No. 1), *pro se* civil rights complaint (ECF No. 1-1), and motion for

18   information (ECF No. 1-2). Magistrate Judge Carla L. Baldwin issued a Report

19   and Recommendation ("R&R") recommending that Mr. Asuit's complaint be

20   dismissed without prejudice and with leave to amend, and that his motion for

21   information be denied as moot. (ECF No. 3.)

22         For the foregoing reasons, the Court adopts the magistrate judge's R&R in

23   full.

24   **I.      LEGAL STANDARD**

25   **A. Screening Standard**

26         Under the statute governing IFP proceedings, "the court shall dismiss the

27   case at any time if the court determines that-- (A) the allegation of poverty is

28   untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state

                                            1

1    a claim upon which relief may be granted; or (iii) seeks monetary relief against a

2    defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

3    In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing,

4    if feasible or, in any event, as soon as practicable after docketing, a complaint in

5    a civil action in which a prisoner seeks redress from a governmental entity or

6    officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting

7    this review, the court "shall identify cognizable claims or dismiss the complaint,

8    or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or

9    fails to state a claim upon which relief may be granted; or (2) seeks monetary

10    relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-

11    (2).

12        Dismissal of a complaint for failure to state a claim upon which relief may

13    be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28

14    U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As

15    such, when reviewing the adequacy of a complaint under these statutes, the court

16    applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v.*

17    *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is

18    essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

19    232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

20        The court must accept as true the allegations, construe the pleadings in

21    the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's

22    favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

23    Allegations in pro se complaints are "held to less stringent standards than formal

24    pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal

25    quotation marks and citation omitted).

26        A complaint must contain more than a "formulaic recitation of the elements

27    of a cause of action," it must contain factual allegations sufficient to "raise a right

28    to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

1    555 (2007). "The pleading must contain something more … than … a statement

2    of facts that merely creates a suspicion [of] a legally cognizable right of action."

3    Id. (citation and quotation marks omitted). At a minimum, a plaintiff should

4    include "enough facts to state a claim to relief that is plausible on its face." *Id.* at

5    570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6        A dismissal should not be without leave to amend unless it is clear from

7    the face of the complaint that the action is frivolous and could not be amended

8    to state a federal claim, or the district court lacks subject matter jurisdiction over

9    the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995);

10    *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

11    **B. Review of Reports and Recommendations**

12        Under the Federal Magistrates Act, a court "may accept, reject, or modify,

13    in whole or in part, the findings or recommendations made by [a] magistrate

14    judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's

15    report and recommendation, then the court is required to "make a *de*

16    *novo* determination of those portions of the [report and recommendation] to which

17    objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

18    review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

19    *Arn*, 474 U.S. 140, 149 (1985).

20    **II.    ANALYSIS**

21        Mr. Asuit filed an objection to the magistrate judge's R&R screening his

22    complaint (ECF No. 6.) In it he acknowledges the magistrate judge's

23    recommendation and says he "will file an amended complaint." (*Id.* at 2). Mr.

24    Asuit's arguments entirely address his motion for information to get "help from

25    the court to get the evidence." (*Id.* at 4.)

26    **A. Excessive Force During Arrest**

27        The Court agrees with the magistrate judge that Mr. Asuit did not

28    sufficiently allege facts regarding the specific conduct of any named Defendants

1    to state a claim for excessive force.

2    Claims of excessive force during an arrest of a free citizen are evaluated

3    under the Fourth Amendment and apply an "objective reasonableness" standard.

4    *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal quotation marks omitted);

5    *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A

6    Fourth Amendment claim of excessive force is analyzed under the framework

7    outlined by the Supreme Court in *Graham v. Connor*."). This analysis "requires a

8    careful balancing of 'the nature and quality of the intrusion on the individual's

9    Fourth Amendment interests' against the countervailing governmental interests

10   at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation

11   omitted). The question is "whether the officers' actions are 'objectively reasonable'

12   in light of the facts and circumstances confronting them, without regard to their

13   underlying intent or motivation." *Id.* at 397 (citations omitted). "Fourth

14   Amendment jurisprudence has long recognized that the right to make an arrest

15   … necessarily carries with it the right to use some degree of physical coercion or

16   threat thereof to effect it." *Id.* at 396 (citation omitted).

17   Mr. Asuit only set forth the elements of an excessive force claim, with

18   minimal factual allegations, and failed to demonstrate personal participation by

19   the named Defendants. Mr. Asuit did not provide any arguments objecting to this

20   conclusion. Accordingly, this claim against Defendants is dismissed without

21   prejudice, but with leave to amend.

22   **B. Municipality Liability**

23   The Court agrees with the magistrate judge that Mr. Asuit did not state a

24   claim against the RPD or City of Reno. Under *Monell*, municipalities can only be

25   liable for the infringement of constitutional rights under certain circumstances.

26   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may

27   be liable under § 1983 for constitutional injuries pursuant to (1) an official policy;

28   (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline;

1     or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa*

2     *Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).

3          Mr. Asuit did not include any allegations that the RPD or City of Reno as

4     Defendants had a policy or custom that led to the alleged constitutional violations

5     necessary to state a claim for *Monell* liability. Mr. Asuit did not provide any

6     arguments objecting to this conclusion. Accordingly, this claim against the RPD

7     and City of Reno is dismissed without prejudice, but with leave to amend.

8     **III.    Motion for Information**

9          Mr. Asuit filed a motion for information requesting the case number that

10    has been assigned to this action and information on the status of Mr. Asuit's IFP

11    application. (ECF No. 1-2). In his objection, Mr. Asuit argues that his motion for

12    information sought help from the Court to retrieve evidence he needs for his case.

13    (ECF No. 6). This is not reflected in Mr. Asuit's original motion. The Court agrees

14    with the magistrate judge's conclusion that the motion should be denied as moot.

15    (ECF No. 3).

16    **IV.    CONCLUSION**

17         It is therefore ordered that the R&R (ECF No. 3) is ADOPTED in full.

18         It is further ordered that Mr. Asuit's objection to the magistrate judge's

19    R&R (ECF No. 6) is OVERRULED.

20         It is further ordered that Mr. Asuit's application to proceed *in forma*

21    *pauperis* (ECF No. 1) is GRANTED.

22         It is further ordered that Mr. Asuit not be required to pay an initial

23    installment fee. Nevertheless, the full filing fee should still be due, even if this

24    action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915,

25    as amended by the Prison Litigation Reform Act. The movant herein should be

26    permitted to maintain this action to conclusion without the necessity of

27    prepayment of fees or costs or the giving of security therefor. The order granting

28    IFP status should not extend to the issuance and/or service of subpoenas at

1    government expense.

2           It is further ordered that the Washoe County Jail pay to the Clerk of the

3    United States District Court, District of Nevada, 20% of the preceding month's

4    deposits to the account of ANDREW ASUIT, #2503795 (in months that the

5    account exceeds $10.00) until the full $350.00 filing fee has been paid for this

6    action.

7           It is further kindly ordered that the Clerk FILE the complaint (ECF No. 1-

8    1) but not issue summons at this time.

9           It is further ordered that the complaint (ECF No. 1-1) be DISMISSED with

10   leave to amend.

11          It is further ordered that Mr. Asuit's motion for information (ECF No. 1-2)

12   is DENIED as moot.

13          It is further kindly ordered that the Clerk SEND to Mr. Asuit the approved

14   form for filing a civil rights complaint pursuant to 42 U.S.C § 1983, instructions

15   for the same, and a copy of his original complaint. (ECF No. 1-1.)

16          It is further ordered that if Mr. Asuit chooses to file an amended complaint

17   curing the deficiencies of his original complaint, he shall file the amended

18   complaint by November 2, 2025.

19          It is further ordered that if Mr. Asuit chooses not to file an amended

20   complaint curing the stated deficiencies of the complaint, the Court will dismiss

21   this action for failure to state a claim.

22

23          Dated this 3rd day of October, 2024.

24

25

26   _____

     ANNE R. TRAUM
27   UNITED STATES DISTRICT JUDGE

28