UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW ASUIT II,<br><br>Plaintiff,<br>v.<br><br>POLICE DEPARTMENT CITY OF RENO, et al.,<br><br>Defendants. | Case No. 3:25-cv-282-ART-CLB<br><br>ORDER ON MOTION TO REOPEN (ECF No. 20) |

Plaintiff Andrew Asuit, II, who was formerly in the custody of the Nevada Department of Corrections, originally brought this civil rights action under 42 U.S.C. § 1983 alleging that officers of the Reno Police Department used excessive force during a vehicle stop in July 2024. Before the Court is Plaintiff's Motion to Reopen. (ECF No. 20.)

## I. BACKGROUND

On June 10, 2025, Magistrate Judge Carla Baldwin issued a Report and Recommendation (R&R) screening Plaintiff's complaint and recommending that it be dismissed without prejudice and with leave to amend. (ECF No. 3.) The Court adopted the R&R on October 3, 2025. Plaintiff was ordered to file an amended complaint by November 3, 2025. (ECF No. 14.)

November 6, 2025, a second R&R recommended that the action be dismissed without prejudice and closed for failure to file an amended complaint. (ECF No. 16.) On March 11, 2026, this Court adopted the R&R and dismissed this action in compliance with this Court's October 3, 2025, order. (ECF No. 19.)

On March 24, 2026, Plaintiff filed a Motion to Reopen Case under Rule 60(b), arguing that the decision to dismiss the case should be set aside because he did not receive notice of the R&R that precipitated the dismissal order until

after his amended complaint deadline. (ECF No. 20.) He does not describe under which section of Rule 60(b) he believes he is deserving of relief.

## II. LEGAL STANDARD

The Court construes Plaintiff as requesting the Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Procedure 60(b)(1), under which the Court may relieve a party or its representative from a final judgment, order, or proceeding for “mistake, inadvertence, surprise, or excusable neglect.” Fed. R. Civ. P. Rule 60(b)(1). A motion under Rule 60(b)(1) must be made “no more than a year after the entry of the judgment or order.” Fed. R. Civ. P. 60(c)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted “neglect” to encompass “both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.” *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

## III. ANALYSIS

The Court finds that Plaintiff has established excusable neglect in this case, because reopening the case will not cause severe prejudice to Defendant, Plaintiff filed his motion to reopen within two weeks of the order of dismissal, he was not willful in his delay, and the Court believes he acted in good faith.

### A. Prejudice to Defendant

To be prejudicial, the “standard is whether [Defendants’] ability to pursue [their defenses] will be hindered.” *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased

difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The danger of prejudice here is slight. While the alleged harm at the center of Plaintiff's complaint happened over two years ago, Defendants have not been served, and no discovery had been conducted when the case was terminated. Because the judgment occurred at such an early stage of the case, there will not be any duplicative efforts to re-do discovery. This factor weighs in favor of Plaintiff.

**B. Length of the Delay**

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. Plaintiff waited less than two weeks after receiving this Court's order to file a motion to reopen. This is not a significant delay on the proceedings.

**C. Reason for the Delay**

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

Plaintiff argues that he struggled to file an amended complaint while he was still incarcerated. (ECF No. 20 at 1.) He was released from custody on November 5, 2025, and the Report and Recommendation recommending dismissal was filed on November 6, 2025. (*Id.*)

He claims that he did not receive timely notice of the Court's order and the

ability to object to its conclusion until January 2026, despite pursuing legal counsel and authorizing the release of medical and public records in December 2025 to support his claims. (*Id.*) Plaintiff updated his address with the Court on November 21, 2025. (ECF No. 17.) The R&R was marked undeliverable at Washoe County Detention Facility (WCDF) on December 8, 2025. (ECF No. 18.) Plaintiff's inability to receive mail was an intervening circumstance that prevented him from objecting to the R&R at the time it was filed. The Court finds that Plaintiff's reasons for delay were not willful.

**D. Bad Faith**

It also appears that Plaintiff's motion is pursued in good faith. Although there was likely an opportunity for Plaintiff to file an amended complaint while he was still incarcerated, his release from WCDF and transition to a new address would pose a challenge to litigating his case.

The Court therefore finds that the factors balance in Plaintiff's favor, and he qualifies for Rule 60(b)(1) relief.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Motion to Reopen (ECF No. 20) is GRANTED. Plaintiff is ordered to file an amended complaint by October 28, 2026.

It is further kindly ordered that the Clerk reopen this action.

Dated this 7th day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE